ANDREW McFALL, PLAINTIFF IN ERROR, *v.* THE PEO—
PLE OF THE STATE OF NEW YORK, DEFENDANTS IN
ERROR.

*On a criminal trial the court may allow the prisoner to withdraw a juror and put the
case over the term — Courts of Sessions may grant new trials — chap. 769 of 1857.*

During the trial of a prisoner on an indictment for libel, the court has power, at
his request, to withdraw a juror, and allow the case to go over the term.
Under chapter 769 of 1857 courts of sessions have power to grant new trials in
cases tried before them.

WRIT OF ERROR to the Court of Sessions in and for the county
of Westchester, to review the conviction of the plaintiff in error of
libel.

*C. H. Roosevelt,* for the plaintiff in error.

*Nelson H. Baker,* district attorney, for the People.

BARNARD, P. J.:

The plaintiff in error was convicted upon an indictment for the
publication of a libel on Edward P. Baird. At the commence-
ment of the trial the accused furnished proof of the service of a
subpœna upon one E. W. Kuster, and had him called in court.
Kuster did not answer. The trial proceeded, the court issuing
an attachment for Kuster, who lived in Yonkers, a few miles from
White Plains, where the court was held. At the opening of the
court upon the second day of the trial the sheriff made a return
that he could not find Kuster. The defendant then applied to
have a juror withdrawn, and that the case go over the term. The
court refused to grant the motion, solely upon the ground that it
had no power or discretion to grant the motion, at the request of a
defendant, during the progress of the trial. In this we think the
court erred. (*People* v. *Olcott*, 2 Johns. Cas., 301; *People* v.
*Goodwin*, 18 Johns., 187.) The defendant excepted to the ruling,
and did not proceed further with his defence.

After conviction the plaintiff in error made a motion for a
new trial, and this motion also was denied, solely upon the ground

that the court had no power to grant the motion. In this also the court erred. Courts of sessions have power by statute to grant new trials in cases tried before them. (Laws of 1857, chap. 769.)

The conviction should be reversed, and a new trial granted at the Court of Sessions of Westchester county.

DYKMAN, J., concurred.

Present — BARNARD, P. J., GILBERT and DYKMAN, JJ.

Conviction reversed, and new trial granted at Sessions.